UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADAM KAVON, ERIN CAMDEN, DAVID VENNER, CRAIG GELLER, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>    Defendant. | Case No. 20–cv–15475–KM–ESK |
| WILLIAM MARTIN BURBANK, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>    Defendant. | Case No. 21–cv–01711–KM–ESK<br><br>OPINION |

**KIEL**, U.S.M.J.

    This matter is before the Court on defendant BMW of North America, LLC's (BMW) renewed motion to consolidate *Kavon v. BMW of North America, LLC*, Case No. 20-cv-15475, with *Burbank v. BMW of North America, LLC*, Case No. 21-cv-01711 (Motion) under a single complaint.[1] (*Kavon* ECF No. 63; *Burbank* ECF No. 91.) The Motion has been fully briefed, with the *Kavon* Plaintiffs supporting consolidation, and the *Burbank* Plaintiff opposing it. (*Kavon* ECF

---

[1] References to docket entries in *Kavon* shall be denoted as "*Kavon* ECF No." References to docket entries in *Burbank* shall be denoted as "*Burbank* ECF No."

Nos. 64, 65; *Burbank* ECF Nos. 92, 93.)   For the following reasons, the Motion is **DENIED**.

## I.  PROCEDURAL HISTORY

I incorporate by reference the factual overview in my opinion of July 20, 2021 (*Kavon* ECF No. 43; *Burbank* ECF No. 62) and District Judge Kevin McNulty's opinions of March 21, 2022 (*Burbank* ECF No. 79) and June 3, 2022 (*Kavon* ECF No. 54).

BMW initially moved to consolidate *Kavon* and *Burbank* through one complaint on March 26, 2021 (Initial Consolidation Motion).  (*Kavon* ECF No. 33; *Burbank* ECF No. 50.)   While the *Kavon* Plaintiffs did not oppose the Initial Consolidation Motion (*Kavon* ECF No. 36), the *Burbank* Plaintiff specified that he opposed full consolidation but consented to consolidation for discovery and case management purposes only (*Burbank* ECF No. 54 p.5).  I found *Kavon* and *Burbank* to be "nearly identical class action cases." (*Kavon* ECF No. 43 p.2; *Burbank* ECF No. 62 p.2.)   However, since a question as to the viability of the nationwide class in *Kavon* existed at that juncture, I determined that "[a]ny consideration of consolidating the parties' complaints for all purposes should await resolution of BMW's [anticipated] motion to dismiss." (*Kavon* ECF No. 43 p.6; *Burbank* ECF No. 62 p.6) ("[I]t appears inadvisable to scramble *Kavon* and *Burbank*, only to have to unscramble them later.").

BMW filed its motions to dismiss *Kavon* and *Burbank* on August 30, 2021. (*Kavon* ECF No. 47; *Burbank* ECF No. 66.)   On March 21, 2022, Judge McNulty resolved BMW's motion to dismiss *Burbank* and dismissed only the breach of the implied covenant of good faith and fair dealing claim.  (*Burbank* ECF Nos. 79, 80.)   Judge McNulty otherwise preserved the *Burbank* Plaintiff's claims under California law for: (1) injunctive relief under the California Legal Remedies Act; (2) breach of express warranty under the Song-Beverly Consumer Warranty Act

(SBA); (3) breach of implied warranty under the SBA; and (4) fraud under the California Legal Remedies Act and Unfair Competition Law. (*Id.*)

On June 3, 2022, Judge McNulty resolved BMW's motion to dismiss *Kavon*. (*Kavon* ECF Nos. 54, 55.) Relevant to the Motion, Judge McNulty dismissed the claims for: (1) a nationwide class under the Magnuson-Mass Warranty Act (MMWA); (2) a nationwide class and California subclass for breach of the covenant of good faith and fair dealing; and (3) breach of express warranty under California law (*Id.* 30.) Judge McNulty permitted various state based class-claims to proceed, including claims for breach of the implied warranty under the SBA for the California subclass. (*Id.*)

As it stands, the *Burbank* Plaintiff's breach of express warranty claim is alive, while the *Kavon* Plaintiffs' same claim was dismissed. The difference in outcomes on the motions to dismiss stems from the *Burbank* Plaintiff plausibly alleging, and the *Kavon* Plaintiffs failing to plausible allege, a "nonconformity" under the SBA (*Burbank* ECF No. 79 pp. 14–20; *Kavon* ECF No. 13–16, 30 ("[T]he [*Kavon*] Plaintiffs have not stated an express warranty claim under the SBA because they have not alleged that *their* vehicles were in fact defective.").)

## II. BMW'S ARGUMENT FOR CONSOLIDATION AND THE *BURBANK* PLAINTIFF'S OPPOSITION

### A. Briefing will be unnecessarily complicated.

BMW makes a multifaceted argument for consolidation. First, it argues that "[c]onsolidating *Kavon* and *Burbank* under a single complaint is the only way to advance the goals of streamlined pre-trial proceedings." (*Burbank* ECF No. 91 p. 3.)[2] BMW notes that since the Court received "*two* separate motions to dismiss on the same … claims, … separate oppositions, …and … *two* reply briefs," the Court "had to draft two orders on duplicative motions," which "led to delays

---

[2] Since the Motion was only opposed by the *Burbank* Plaintiff, citations to the Motion will hereinafter be made to only the *Burbank* docket entry.

and avoidable taxing of resources." (*Id.*) As motion practice proceeds, BMW is concerned that the Court will be inundated with even more "unnecessarily duplicative future … filings." (*Id.* p. 4.) BMW also argues that although the parties had attempted to consolidate briefing as to the motions to dismiss, "the only thing that was coordinated … was the common filing deadlines for the separate motions, oppositions, and replies." (*Burbank* ECF No. 93 p. 3.)

The *Burbank* Plaintiff argues that "avoiding duplicate filings does not justify consolidati[on]" and suggests that a consolidated briefing schedule is an easier means to resolve BMW's concerns. (*Burbank* ECF No. 92. pp. 7, 8.)

### B. The *Burbank* Plaintiff will not be prejudiced.

BMW argues that "because the proposed consolidation is neither permanent nor irreversible" and the "claims that are left to be tried (if any) … can be separated and tried separately," the *Burbank* Plaintiff will suffer no prejudice. (*Burbank* ECF No. 91 pp. 3, 4.) In support of its position, BMW quotes the California District Judge who originally presided over *Burbank* and advised that if Judge McNulty "decides …to take a subclass in California and … doesn't want to ***preside over that trial***," he would be "happy to take that [and] [n]ot [be] burdened a bit."[3] (*Id.*)

The *Burbank* Plaintiff argues that "full consolidation poses a risk of undue confusion and prejudice." (*Burbank* ECF No. 92 p. 8.) Since *Burbank* asserts express warranty claims while *Kavon* does not, the *Burbank* Plaintiff is concerned that his claims will not be sufficiently represented. (*Id.*) The *Burbank* Plaintiff is also worried that the *Kavon* Plaintiffs are "unable and unwilling to fully vindicate California's consumers' interests." (*Id.* p. 9.)

---

[3] *See Burbank v. BMW of North America, LLC*, C.D. Cal. Case No. 20-cv-02273, ECF No. 30 p. 25.

4

### C. The *Burbank* Plaintiff's prior concerns no longer exist.

BMW argues that since the nationwide class claims in *Kavon* are now dismissed, the *Burbank* Plaintiff's "California law claims are no longer second in line to [the] *Kavon*[] [Plaintiffs'] nationwide class ambitions." (*Burbank* ECF No. 91 p. 4.) BMW notes that "[b]oth cases now invoke the *same* California law claims, on behalf of the *same* putative California class, on the basis of an alleged defect in the *same* cars." (*Id.*) Although the *Kavon* Plaintiffs' breach of express warranty claim under California law was dismissed, BMW suggests that the *Burbank* Plaintiff can still plead this claim in a consolidated complaint. (*Id.* p. 5.)

The *Burbank* Plaintiff argues that since the nationwide class in *Kavon* has been dismissed, the issue as to whether the *Kavon* Plaintiffs can sufficiently represent the *Burbank* Plaintiff "is more pronounced than ever." (*Burbank* ECF No. 92 p. 5.) The *Burbank* Plaintiff worries that BMW's motive to consolidate is "to dilute the potency of California's remedial statutes by folding them into the mix of a wider class at the certification stage." (*Id.* p. 6.) The *Burbank* Plaintiff fears that "jumbling" the "different claims with different proofs … would just cause confusion and delay." (*Id.* p. 5.)

### III. DISCUSSION

Federal Rule of Civil Procedure (Rule) 42(a)(2) provides that "[i]f actions before the court involve a common question of law or fact, the court may[] . . . consolidate the actions." *See In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998) (noting that Rule 42 does not "demand[] that actions be identical before they may be consolidated.") Rule 42 "confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate causes for trial as may facilitate the administration of justice." *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964).

"The purpose of consolidation is 'to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues.'" *Cima Labs, Inc. v. Actavis Group HF*, Nos. 07-00893, 06-01970, 06-01999, 2007 WL 1672229, at *5 (D.N.J. June 7, 2007) (quoting *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999)). "[I]n deciding whether to consolidate actions under Rule 42(a), the court must balance the risk of prejudice and possible confusion against the risk of inconsistent adjudications of common factual and legal issues." *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 570 (D.N.J. 2003). Yet, "while consolidated cases may be treated as one lawsuit in order to conserve judicial resources, the procedure should not impose the heavy toll of a diminution of any party's rights." *Bradgate Assocs., Inc. v. Fellows, Read & Assocs.*, 999 F.2d 745, 750 (3d Cir. 1993).

The current procedural posture of *Kavon* and *Burbank* is significantly different from when the Initial Consolidation Motion was pending. Since *Burbank* involves a claim for the express breach of warranty, whereas *Kavon* does not, *Burbank* is no longer completely subsumed within *Kavon*.

In opposition to the Initial Consolidation Motion, the *Burbank* Plaintiff had expressed concern that the *Kavon* Plaintiffs would not be committed to maintaining a truly separate California subclass. (*Burbank* ECF No. 54 p.6.) This concern arose from the *Kavon* Plaintiffs pleading the California subclass in the alternative just three days before BMW's filing of the Initial Consolidation Motion and only in the event that the *Kavon* Plaintiffs' preferred nationwide class was denied. (*Id.* pp.11, 12). The *Burbank* Plaintiff had claimed that the *Kavon* Plaintiffs added the California subclass purely to aid the Initial Consolidation Motion and worried that California class members would be ill-served by a nationwide class because California law offers remedies superior to the MMWA. (*Id.*)

The *Burbank* Plaintiff's concern for the state law claims being "second in line" to the nationwide claims no longer exists. (*See Burbank* ECF No. 91 p.4.)

However, the *Burbank* Plaintiff's apprehension over the *Kavon* Plaintiffs' insistence that they will not consider his express warranty claim less-worthy of prosecution should not be brushed aside. There may be duplicative briefing at the class-certification and summary judgment stages and slightly more inefficiency in proceeding with two complaints consolidated for case management and discovery purposes. This, however, does not outweigh the California subclass's potential prejudice from being bunched together with different claims of other subclasses from different states.

In support of the Motion, BMW primarily relies on *Katz v. Realty Equities Corp.*, 521 F.2d 1354 (2d Cir. 1975). (*Id.* pp. 3, 4.) The situation faced by the District Court in *Katz* is, however, significantly different from the situation here. *See id.* at 1360 (noting that an analysis as to whether a consolidated complaint is appropriate should be done on a case-by-case basis, in consideration of "the anticipated benefits of a consolidated complaint … [against the] potential prejudice to the parties"). In *Katz*, 17 class-action lawsuits involving securities fraud against 39 defendants were pending before the court. "Lead and liaison counsel"[4] for all plaintiffs were appointed prior to the consolidation, and the court faced the prospect of "literally hundreds of answers" if the actions were not consolidated into one complaint. *Id.* at 1356, 59. Given the number of complex and multifaceted individual actions in *Katz*, a consolidated complaint was "a device well-suited to achieving economies of effort on the part of the parties and of the court." *Id.* at 1359.

Here, only two actions are involved. Thus, unlike in *Katz*, we are not faced with a potential avalanche of separate pleadings, discovery issues, and dozens of dispositive motions. While there may be substantial similarities between *Kavon*

---

[4] Neither the *Kavon* Plaintiffs' nor the *Burbank* Plaintiff's counsel have sought to be appointed lead counsel.

and *Burbank*, the *Burbank* Plaintiff's concern as to the significant difference between the cases is not unreasonable.

Furthermore, to the extent there may be some inefficiency for briefing at the class-certification and summary judgment stages, I am confident, with counsels' input, the briefing will not pose an excessive burden on the Court. The denial of the Motion is "neither permanent nor irreversible." After the resolution of the anticipated motions for summary judgment and class certification, the Court may revisit whether it is advisable to consolidate these actions into a single complaint.

## IV. CONCLUSION

For the foregoing reasons, the Motion is **DENIED**. *Kavon* and *Burbank* shall continue to be consolidated for purposes of discovery and case management.

An appropriate order accompanies this Opinion.

                                                              */s/ Edward S. Kiel*
                                                             **EDWARD S. KIEL**
                                                             **UNITED STATES MAGISTRATE JUDGE**

Date: January 17, 2023